SILLS CUMMIS & GROSS P.C.
Scott D. Stimpson (*pro hac vice* forthcoming)
Laura E. Krawczyk
101 Park Ave, 28th Floor
New York, NY 10178
(212) 643-7000

*Attorneys for Plaintiff Shenzhen Jisu Technology Co., Ltd.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHENZHEN JISU TECHNOLOGY CO., LTD., | : |
| Plaintiff, | : Civil Action No. |
| vs. | : Jury Trial Demanded |
| ONTEL PRODUCTS CORPORATION, | : |
| Defendant. | : **COMPLAINT FOR PATENT INFRINGEMENT** |
| | : |

Plaintiff Shenzhen Jisu Technology Co., Ltd. ("Plaintiff" or "Jisu"), having an address at 27/F Building 4, Phase II, Tianan Cloud Park, Gangtou Community, Bantian Street, Longgang District, Shenzhen City, Guangdong Province, China, by and through its undersigned attorneys, files this Complaint for patent infringement against Ontel Products Corporation ("Defendant" or "Ontel"), 21 Law Drive, Fairfield, New Jersey 07004, and avers as follows:

## THE PARTIES

1. Plaintiff Jisu is a Chinese limited liability company with its principal place of business at 27/F Building 4, Phase II, Tianan Cloud Park, Gangtou Community, Bantian Street, Longgang District, Shenzhen City, Guangdong Province, China.

2. Defendant Ontel is a company organized and existing under the laws of New Jersey, with a place of business at 21 Law Drive, Fairfield, New Jersey 07004.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, including §§ 271 and 281-85.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Ontel is a New Jersey company which conducts business activities toward customers in the United States, including New Jersey. On information and belief, Ontel has targeted sales to New Jersey residents by selling and continuing to sell products infringing Jisu's patented technology to residents of New Jersey. This Court has personal jurisdiction over Ontel because Ontel is headquartered in New Jersey and the acts of Ontel constitute patent infringement that occurred and continue to occur within this District.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) because Ontel resides in this District.

## GENERAL ALLEGATIONS

**The Asserted Patents**

7. Jisu is the owner of U.S. Patent Nos. 11,635,083 (the "'083 Patent"), 11,661,947 (the "'947 Patent"), and 11,920,602 (the "'602 Patent") (collectively, the "Asserted Patents"). True and correct copies of the Asserted Patents are attached hereto as Exhibits 1, 2, and 3.

8. The Asserted patents pertain to neck fans.

9. On April 25, 2023, the United States Patent and Trademark Office duly and legally issued the '083 Patent, entitled "Neck Fan." The '083 Patent lists Xiangfu Li as the sole inventor.

12882061 v3

10. On May 30, 2023, the United States Patent and Trademark Office duly and legally issued the '947 Patent, entitled "Neck Fan." The '947 Patent lists Xiangfu Li as the sole inventor.

11. On March 5, 2024, the United States Patent and Trademark Office duly and legally issued the '602 Patent, entitled "Neck Fan." The '602 Patent lists Xiangfu Li as the sole inventor.

12. The Asserted Patents are valid and enforceable.

13. Jisu has marked its neck fan products as embodying the claims of the Asserted Patents.

**Jisu**

14. Founded in 2016, Jisu is a global industry leader of portable electronic gadgets, particularly portable fans. Jisu designs, develops, markets, and sells portable fans to consumers in the United States and around the world online and in more than 6,000 offline stores.

15. In response to the market needs, Jisu has devoted substantial time, effort, and resources to the technical innovation and design of portable fans and related patents.

16. Jisu's portable fans have achieved commercial success and broad user adoption in the market due to their unmatched technical innovation. Over the past several years, Jisu has gained over 20 million customers globally by leading in portable fans retail sales on Amazon, Shopee, and Lazada. The total shipments from 2016 to 2023 have hit more than 30 million units.

**Ontel's Infringement**

17. Ontel has infringed one or more claims of the Asserted Patents by making, using, importing, selling, and/or offering for sale neck fans including but not limited to

12882061 v3

"Arctic Air" neck fans (the "Infringing Ontel Products"). *See* claim charts attached as Exhibits 4-6.

18. The Infringing Ontel Products are sold by Ontel and various retailers. For example, the "Arctic Air" neck fan is sold on Amazon (https://www.amazon.com/Arctic-Air/dp/B08SHJ47JL?th=1) and by Walmart (https://www.walmart.com/ip/Arctic-Air-Freedom-Neck-Cooler-Portable-Neck-Fan-with-3-Fan-Speeds-USB-Charging-6-Hour-Battery/3726014000?wmlspartner=wlpa&selectedSellerId=101508576&adid=222222222273726014000_101508576_14069003552_202077872&wl0=&wl1=g&wl2=c&wl3=42423897272&wl4=aud-430887228898:pla-319455734609&wl5=9060351&wl6=&wl7=&wl8=&wl9=pla&wl10=5293419861&wl11=online&wl12=3726014000_101508576&veh=sem&gad_source=1&gclid=EAIaIQobChMI44WEj4CZiwMVyVz_AR0KPDDiEAQYByABEgK-h_D_BwE).

19. At least as early as August 15, 2023, Jisu notified counsel for Ontel that Ontel's "Arctic Air" neck fans infringed Jisu's patents.

20. On July 22, 2024, counsel for Jisu sent a letter to counsel for Ontel further detailing Ontel's infringement of Jisu's patents. The July 22, 2024 letter noted that Ontel's infringement had not been remedied since Ontel was notified of infringement in August of 2023. In addition, Jisu provided claim charts attached to the July 22, 2024 letter that showed Ontel's infringement of the Asserted Patents.

21. On August 23, 2024, counsel for Ontel responded to the July 22, 2024 letter. The letter did not identify a single element of any of the Jisu claims that was lacking from the Infringing Ontel products.

22. The August 23, 2024 letter alleged that "the independent claims" of the patents were invalid as obvious, citing three separate alleged prior art references. Although the July 22 letter specifically informed that "numerous dependent claims" were also infringed, the August 23 response letter only alleged that "the independent claims" of the patents were obvious.

23. The prior art cited in the August 23 response letter was all known to the Patent Office when it issued all three Asserted Patents, either through direct citation of those references or citation to the corresponding publication. The Patent Office considered those references and found all claims of these patents new and not obvious over them.

24. The August 23, 2024 letter did not address the fact that the Jisu patents issued over the cited prior art or the presumption of validity to which the patents are entitled.

25. The August 23, 2024 letter did not attempt to match up any claim element with any prior art reference, it contained no validity analysis at all, it required the combination of three separate references to even allege obviousness of only the independent claims, it failed to recognize or address the required motivation or reasons to combine references, and it ignored the overwhelming secondary considerations demonstrating non-obviousness, such as commercial success, and Ontel's apparent copying of the JISU design. Although counsel for Jisu brought all these deficiencies to the attention of Ontel, none were addressed.

26. The August 23, 2024 response letter advised that "Ontel has phased out its current Arctic Air Freedom," but that statement was false as those products were still being sold at the time.

12882061 v3

27. The August 23, 2024 letter also advised that a "redesigned product" was being launched, but Ontel did not state that the redesign was non-infringing, and Ontel refused to provide any information on this alleged redesign.

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 11,635,083

28. Jisu hereby realleges and incorporates herein by reference the allegations set forth in the preceding paragraphs.

29. At all times herein mentioned, the '083 Patent was and is valid and fully enforceable.

30. On information and belief, Ontel has directly infringed and continues to directly infringe one or more claims of the '083 Patent by making, using, offering for sale, selling, and/or importing into the United States the Infringing Ontel Products. For example, the claim chart attached as Exhibit 4 shows the infringement of claim 1 of the '083 Patent.

31. Ontel has actively induced and continues to induce others to directly infringe one or more claims of the '083 Patent. Upon information and belief, Ontel understands, intends, and encourages consumers to use the Infringing Ontel Products in the United States.

32. At no time has Jisu granted Ontel permission to utilize the technology claimed in the '083 Patent and Ontel is not licensed to make, use, offer for sale, sell, or import any product or service that is covered by the claims of the '083 Patent.

33. Ontel's infringement of the '083 Patent has been and will continue to be willful, deliberate, and intentional.

34. Ontel's infringement of the '083 Patent has injured Jisu, and Jisu is entitled to recover damages adequate to compensate for such infringement together with enhanced damages up to three times any amount ordered pursuant to 35 U.S.C. § 284.

12882061 v3

35. Ontel has infringed the '083 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Ontel's wrongful conduct has caused Jisu to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention, for which there is no adequate remedy at law. Furthermore, the public interest would be served by the issuance of an injunction. Therefore, Jisu is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless injunctive relief is issued enjoining Ontel's wrongful conduct from infringing the '083 Patent, Jisu will continue to be irreparably harmed.

36. Jisu is entitled to recover its costs, expenses, and interest, including pre-judgment and post-judgment interest as appropriate pursuant to 35 U.S.C. § 284.

37. Jisu is entitled to recover reasonable attorney fees as appropriate pursuant to 35 U.S.C. § 285.

## COUNT II:
## INFRINGEMENT OF U.S. PATENT NO. 11,661,947

38. Jisu hereby realleges and incorporates herein by reference the allegations set forth in the preceding paragraphs.

39. At all times herein mentioned, the '947 Patent was and is valid and fully enforceable.

40. On information and belief, Ontel has directly infringed and continues to directly infringe one or more claims of the '947 Patent by making, using, offering for sale, selling, and/or importing into the United States the Infringing Ontel Products. For example, the claim chart attached as Exhibit 5 shows the infringement of claim 1 of the '947 Patent.

12882061 v3

41. Ontel has actively induced and continues to induce others to directly infringe one or more claims of the '947 Patent. Upon information and belief, Ontel understands, intends, and encourages consumers to use the Infringing Ontel Products in the United States.

42. At no time has Jisu granted Ontel permission to utilize the technology claimed in the '947 Patent and Ontel is not licensed to make, use, offer for sale, sell, or import any product or service that is covered by the claims of the '947 Patent.

43. Ontel's infringement of the '947 Patent has been and will continue to be willful, deliberate, and intentional.

44. Ontel's infringement of the '947 Patent has injured Jisu, and Jisu is entitled to recover damages adequate to compensate for such infringement together with enhanced damages up to three times any amount ordered pursuant to 35 U.S.C. § 284.

45. Ontel has infringed the '947 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Ontel's wrongful conduct has caused Jisu to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention, for which there is no adequate remedy at law. Furthermore, the public interest would be served by the issuance of an injunction. Therefore, Jisu is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless injunctive relief is issued enjoining Ontel's wrongful conduct from infringing the '947 Patent, Jisu will continue to be irreparably harmed.

46. Jisu is entitled to recover its costs, expenses, and interest, including pre-judgment and post-judgment interest as appropriate pursuant to 35 U.S.C. § 284.

47. Jisu is entitled to recover reasonable attorney fees as appropriate pursuant to 35 U.S.C. § 285.

12882061 v3

## COUNT III:
## INFRINGEMENT OF U.S. PATENT NO. 11,920,602

48. Jisu hereby realleges and incorporates herein by reference the allegations set forth in the preceding paragraphs.

49. At all times herein mentioned, the '602 Patent was and is valid and fully enforceable.

50. On information and belief, Ontel has directly infringed and continues to directly infringe one or more claims of the '602 Patent by making, using, offering for sale, selling, and/or importing into the United States the Infringing Ontel Products. For example, the claim chart attached as Exhibit 6 shows the infringement of claim 1 of the '602 Patent.

51. Ontel has actively induced and continues to induce others to directly infringe one or more claims of the '602 Patent. Upon information and belief, Ontel understands, intends, and encourages consumers to use the Infringing Ontel Products in the United States.

52. At no time has Jisu granted Ontel permission to utilize the technology claimed in the '947 Patent and Ontel is not licensed to make, use, offer for sale, sell, or import any product or service that is covered by the claims of the '602 Patent.

53. Ontel's infringement of the '602 Patent has been and will continue to be willful, deliberate, and intentional.

54. Ontel's infringement of the '602 Patent has injured Jisu, and Jisu is entitled to recover damages adequate to compensate for such infringement together with enhanced damages up to three times any amount ordered pursuant to 35 U.S.C. § 284.

55. Ontel has infringed the '602 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Ontel's wrongful conduct has caused Jisu to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from

making, using, selling, offering for sale, and importing the patented invention, for which there is no adequate remedy at law. Furthermore, the public interest would be served by the issuance of an injunction. Therefore, Jisu is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless injunctive relief is issued enjoining Ontel's wrongful conduct from infringing the '602 Patent, Jisu will continue to be irreparably harmed.

56. Jisu is entitled to recover its costs, expenses, and interest, including pre-judgment and post-judgment interest as appropriate pursuant to 35 U.S.C. § 284.

57. Jisu is entitled to recover reasonable attorney fees as appropriate pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Jisu prays for judgement against Ontel as follows:

A. A judgment and order adjudicating and declaring that Ontel has infringed each of the Asserted Patents in violation of 35 U.S.C. § 271;

B. A judgment and order temporarily, preliminarily, and permanently enjoining Ontel, its affiliates, officers, agents, directors, servants, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the Asserted Patents;

C. For compensatory damages in an amount to be proven at trial;

D. A judgment and order declaring that Ontel has willfully infringed the Asserted Patents and awarding Jisu triple damages due to willful infringement;

E. A judgment and order awarding Jisu its costs, expenses, and interest, including pre-judgment and post-judgment interest, as provided for by 35 U.S.C. § 284;

F. A determination that this is an exceptional case under 35 U.S.C. § 285;

  G.  A judgment and order awarding Jisu its reasonable attorneys' fees; and

  H.  For such other and further relief as the Court may deem just and proper.

        Respectfully submitted,

        SILLS CUMMIS & GROSS P.C.
        101 Park Ave, 28th Floor
        New York, NY 10178
        (212) 643-7000

      By:  s/ Laura E. Krawczyk
        SCOTT D. STIMPSON (*pro hac vice* forthcoming)
        LAURA E. KRAWCZYK

      *Attorneys for Plaintiff Shenzhen Jisu Technology Co., Ltd.*

Dated: March 14, 2025

12882061 v3

## **DEMAND FOR JURY TRIAL**

Jisu demands trial by jury on all issues so triable.

                                    Respectfully submitted,

                                    SILLS CUMMIS & GROSS P.C.
                                    101 Park Ave, 28th Floor
                                    New York, NY 10178
                                    (212) 643-7000

                                  By:    <u>s/ Laura E. Krawczyk</u>
                                               SCOTT D. STIMPSON (*pro hac vice* forthcoming)
                                               LAURA E. KRAWCZYK

                                  *Attorneys for Plaintiff Shenzhen Jisu Technology Co., Ltd.*

Dated: March 14, 2025

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Pursuant to Local Civ. Rule 11.2, I hereby certify to the best of my knowledge, information and belief that the matter in controversy is the subject of another action, listed below:

*Gaiatop, LLC et al v. Shenzhen Jisu Keji Youxiangongsi et al,* 3-25-cv-00619 (D.N.J. Jan. 19, 2025).

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

          Respectfully submitted,

          SILLS CUMMIS & GROSS P.C.
          101 Park Ave, 28th Floor
          New York, NY 10178
          (212) 643-7000

By:   s/ Laura E. Krawczyk
       SCOTT D. STIMPSON (*pro hac vice* forthcoming)
       LAURA E. KRAWCZYK

*Attorneys for Plaintiff Shenzhen Jisu Technology Co., Ltd.*

12882061 v3